[No. 2100-1.    Division One.    April 1, 1974.]

LUCILLE FULLER, *Appellant*, v. FIREMAN'S FUND AMERICAN LIFE INSURANCE COMPANY, *Defendant*, THE LOMAS & NETTLETON COMPANY, *Respondent*.

*Lembhard G. Howell*, for appellant.

*Guttormsen, Scholfield & Stafford, Thomas D. Frey, Clinton, Andersen, Fleck & Glein*, and *James A. Andersen*, for respondent.

FARRIS, J.—On September 1, 1969, Fireman's Fund American Life Insurance Company issued an insurance policy on the life of Felton Fuller, Sr. Fuller failed to make the premium payments as required and the policy was forfeited in accordance with its terms. The policy was reinstated in December 1969. Thereafter, arrangements were made for the insurance premiums to be paid through the predecessor of Lomas & Nettleton, Northwest Mortgage, along with mortgage payments on certain of Fullers' real property. Fuller's payment record continued to be sporadic. Most payments were late. Two payments were made as late as 58 days after the expiration of the 31-day grace period provided under the policy.

Fuller died on November 21, 1971. His widow applied for the insurance benefits. When her request was denied, she initiated an action to force payment of the benefits. The trial court granted Lomas & Nettleton's motion for summary judgment. This appeal followed.

A narrow question was before the trial court on the motion for summary judgment: Did the record include sufficient evidence to raise a question of fact as to whether Northwest Mortgage was Fuller's agent and as such secured a life insurance policy on Fuller's life from Fireman's Fund and breached its fiduciary duty to notify Fuller that his policy had lapsed?

Lomas & Nettleton contends that Northwest Mortgage was merely a conduit for receiving premiums which Fuller paid and transferring those premiums to Fireman's Fund, and was not the agent of either Fuller or Fireman's Fund. Mrs. Fuller argues that a dispute concerning the existence of an agency relationship must be resolved by the trier of fact.

■ We do not quarrel with the contention that the existence of an agency relationship is a factual question. However, to prevail in the summary judgment proceeding, Mrs. Fuller was required to prove the existence of a fiduciary duty. She failed to do so.

It was not enough to show that Northwest Mortgage was Fuller's agent for the purpose of receiving and transmitting funds. Mrs. Fuller must also demonstrate that there was a genuine issue of fact as to whether Northwest Mortgage had a fiduciary duty to make the payments even if Fuller did not submit them along with his mortgage payments. *See Blakely v. Housing Authority*, 8 Wn. App. 204, 210, 505 P.2d 151 (1973). Mrs. Fuller made no such demonstration.

The motion for summary judgment was properly granted.

Affirmed.

SWANSON, C.J., and HOROWITZ, J., concur.